**Ogletree Deakins**

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
*Attorneys at Law*
1745 Broadway, 22nd Floor
New York, New York 10019
Telephone: 212.492.2500
Facsimile: 212.492.2501
www.ogletreedeakins.com

Aaron Warshaw
212.492.2509
aaron.warshaw@ogletreedeakins.com

November 20, 2014

**VIA ECF and OVERNIGHT MAIL**

The Honorable Leonard D. Wexler, U.S.D.J.
U.S. District Court for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York  11722

RE:  *Thomas Michael King v. MYC Resort, LLC d/b/a Montauk Yacht Club*, E.D.N.Y., Case No. 14-CV-6235(LDW)(GRB)

Dear Judge Wexler:

We represent defendant MYC Resort LLC ("MYC") in the above-named action filed by plaintiff Thomas Michael King ("King").[1]  Pursuant to Your Honor's Individual Practice Rule 2(B), we respectfully request a pre-motion conference to address MYC's anticipated motion to dismiss the Complaint with prejudice.

King's Complaint alleges that he and others who he purports to represent were not provided "spread of hours" pay under the New York Labor Law.  Yet, as the Second Circuit recently emphasized, King must do more than supply "low-octane fuel for speculation" to meet the Rule 12(b)(6) standard to allege a violation of the New York Labor Law.  *Lundy v. Catholic Health Sys. of Long Isl., Inc.*, 711 F.3d 106, 115 (2d Cir. 2013).  King's Complaint fails as a matter of law for numerous reasons, including that:  (1) he earned more than twice the minimum hourly wage, and therefore was ineligible to receive spread of hours pay; (2) Montauk Yacht Club is a "resort hotel," and therefore is exempt from New York's spread of hours requirement; (3) King cannot maintain, and he has not sufficiently alleged, any class-wide claim; and (4), even assuming that King's claim is actionable, which it is not, he is subject to binding arbitration agreements.  For each of these reasons, and as described in further detail below, King's Complaint should be dismissed with prejudice and with no further proceedings before this Court.

**I.    King Was Ineligible to Receive Spread of Hours Pay Because He Earned Greater Than the Minimum Wage**

New York's spread of hour law states that, "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay *at the basic minimum hourly*

---

[1]    King's Complaint incorrectly names MYC Resort LLC as "MYC Resort, LLC."

Atlanta  ▪  Austin  ▪  Berlin (Germany)  ▪  Birmingham  ▪  Boston  ▪  Charleston  ▪  Charlotte  ▪  Chicago  ▪  Cleveland  ▪  Columbia  ▪  Dallas  ▪  Denver
Detroit Metro  ▪  Greenville  ▪  Houston  ▪  Indianapolis  ▪  Jackson  ▪  Kansas City  ▪  Las Vegas  ▪  London (England)  ▪  Los Angeles  ▪  Memphis  ▪  Mexico City (Mexico)
Miami  ▪  Minneapolis  ▪  Morristown  ▪  Nashville  ▪  New Orleans  ▪  New York City  ▪  Orange County  ▪  Philadelphia  ▪  Phoenix  ▪  Pittsburgh  ▪  Portland
Raleigh  ▪  Richmond  ▪  St. Louis  ▪  St. Thomas  ▪  San Antonio  ▪  San Diego  ▪  San Francisco  ▪  Stamford  ▪  Tampa  ▪  Torrance  ▪  Tucson  ▪  Washington

*rate*." 12 N.Y.C.C.R. § 146-1.6(a) (emphasis added).[2] Thus, "the majority of courts of this circuit [have found] that, by its plain language, the spread-of-hours statute applies only to employees making minimum wage." *Ellis v. Common Wealth Worldwide Chauffeuered Transp. of NY, LLC*, 2012 WL 1004848, at *8 (E.D.N.Y. Mar. 23, 2012).[3] That is because the New York Department of Labor made clear that "the 'spread of hours' regulation does not require all employees to be paid for an additional hour, but merely that the total wages paid be equal to or greater than the total due for all hours at the minimum wage plus one additional hour at the minimum wage." Opinion Letter, RO-08-0086 (N.Y. Dep't of Labor, Aug. 26, 2009).

King's Complaint does not allege that MYC paid him at the minimum hourly wage, nor could he. As King is well aware, he earned between $16.00 to $16.80 per hour throughout his employment with MYC, which is more than twice the New York's then-minimum wages of $7.15 and $7.25 per hour. King therefore was facially ineligible to receive spread of hour pay, and for that reason alone, his Complaint should be dismissed with prejudice.

## II. The Spread of Hours Law Exempts MYC Because It Is a "Resort Hotel"

The New York spread of hours law only applies to "all-year hotels." 12 N.Y.C.C.R. § 146-1.6.[4] By contrast, a "resort hotel" includes locations that: (a) offer "lodging accommodations of a vacational nature to the public or to members or guests of members"; (b) are located in a village with less than 15,000 population; and (c) undergo at least a 100% increase of employee workdays or guest stays during the course of any four-week period. *Id.*, § 146-3.1(c)(3)(ii)-(iii). According to the 2010 census, Montauk's population was 3,326. *New York: Population and Housing Unit Counts*, at 80, *available at* www.census.gov/prod/cen2010/cph-2-34.pdf. Further, as King is well aware, MYC operates seasonally and undergoes at least a 100% increase of employees and guest stays each season. Therefore, even assuming that King was eligible to receive spread of hours pay – which he was not – MYC is exempt from New York's spread of hour law because it is a seasonal "resort hotel" rather than an "all-year hotel." For this additional reason, dismissal of the Complaint with prejudice is warranted.

---

[2] A "spread of hours" is defined as "the length of the interval between the beginning and end of an employee's workday." 12 N.Y.C.C.R. § 146-1.6.

[3] It is well-established in this Circuit that the New York spread of hours law is unavailable to employees earning above minimum wage. *E.g.*, *Juarez v. Precision Apparel, Inc.*, 2013 WL 5210142, at *12 (E.D.N.Y. Sept. 13, 2013); *Guadalupe v. Tri-State Emp., Mgm't & Consulting, Inc*., 2013 WL 4547242, at *12 (E.D.N.Y. Aug. 28, 2013); *Martinez v. Hilton Hotels Corp.*, 930 F. Supp. 2d 508, 532 (S.D.N.Y. 2013); *Singh v. Patel*, 2013 WL 2190153, at *2 (E.D.N.Y. May 16, 2013); *Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 368-69 (S.D.N.Y. 2012); *Rui Xiang Huang v. J & A Entm't, Inc.*, 2012 WL 6863918, at *8 (E.D.N.Y. Dec. 3, 2012); *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 473 (E.D.N.Y. 2011); *Zubair v. EnTech Eng'g P. C.*, 808 F. Supp. 2d 592, 601 (S.D.N.Y. 2011); *Jenkins v. Hanac, Inc*., 493 F. Supp. 2d 556, 558-59 (E.D.N.Y. 2007); *Almeida v. Aguinaga*, 500 F. Supp. 2d 366, 370 (S.D.N.Y. 2007); *Espinosa v. Delgado Travel Agency*, 2007 WL 656271, at *2 (S.D.N.Y. Mar. 2, 2007); *Franklin v. Breton Int'l, Inc.*, 2006 WL 3591949, at *4 (S.D.N.Y. Dec. 11, 2006); *Chan v. Triple 8 Palace, Inc.*, 2006 WL 851749, at *21 (S.D.N.Y. Mar. 20, 2006). In a small minority of cases, courts in this Circuit have rejected this interpretation and held that spread of hours pay is available regardless of whether the employee's salary covers an additional hour at minimum wage per day. *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327 (S.D.N.Y. 2005). However, virtually all cases since *Yang* have disagreed with its holding. *E.g.*, *Sosnowy*, 764 F. Supp. 2d at 473; *Martinez*, 930 F. Supp. at 532; *Roach v. T.L. Cannon Corp.*, 889 F. Supp. 2d 364, 369 (N.D.N.Y. 2012).

[4] King incorrectly states that New York law "defines an all-year hotel as one that operates for more than seven months in a calendar year." (Compl., ¶ 4.) In fact, an "all-year hotel" is defined as "one that does not qualify as a resort hotel." 12 N.Y.C.R.R. § 146-3.1(c)(2).

### III. King Cannot Maintain Any Class-Wide Claims

Although King purports to bring his Complaint as a class action, his individual claim is unavailing and therefore he lacks standing to pursue any class-wide claims. *In re Wachovia Equity Sec. Litig.*, 753 F. Supp. 2d 326, 369 (S.D.N.Y. 2011) ("[S]tanding is a question antecedent to class certification that requires plaintiffs to suffer personal injury."). For that reason alone, any class-wide claim fails as a matter of law. In addition, King's Complaint provides mere boilerplate that fall well short of the Rule 23 pleading standard. For instance, King does not plausibly describe any class-wide policy that affected himself and those who he purports to represent. The purported class would instead be overwhelmed with dissimilarities and individualized factual inquiries into issues such as job duties, hours worked, and wages. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011). Accordingly, King's class-wide claims do not meet his Rule 23 pleading standard, and should be dismissed with prejudice.

### IV. King Is Subject to Binding and Valid Arbitration Agreements

Even assuming that King had established a viable claim for spread of hours, which he has not, any such claim must be resolved in binding arbitration. Upon his re-hire by MYC each season, including on or about April 18, 2011, March 23, 2012, and March 20, 2013, King executed Dispute Resolution Agreements. Those agreements are binding and valid, and they cover "claims for salary or other compensation due." The agreements should be read as broadly as possible in favor of arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. Indeed, King's attorney is fully aware of the Dispute Resolution Agreements. On September 4, 2014, the undersigned provided him with a copy of King's March 20, 2013 agreement in relation to an EEOC charge that King also has commenced against MYC. The proper forum for any further proceedings relating to King's Complaint is in binding arbitration. However, given that King's spread of hours claim utterly fails as a matter of law, the Court may instead dismiss the Complaint with prejudice rather than compel arbitration.

For these reasons, MYC strongly believes it will succeed on its anticipated motion seeking dismissal of the Complaint with prejudice.[5] Thank you in advance of Your Honor's consideration of this request for a pre-motion conference.

        Respectfully submitted,

        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART, P.C.
        By /s Aaron Warshaw
          Aaron Warshaw
        1745 Broadway, 22nd Floor
        New York, New York 10019
        (212) 492-2509
        aaron.warshaw@ogletreedeakins.com

        *Attorney for Defendant*

CC:    Steven J. Moser (via ECF)

---

[5] MYC reserves the right to seek sanctions should King pursue any frivolous claim in this action.