**STEVEN J. MOSER, P.C.**
ATTORNEY AT LAW

STEVEN J. MOSER
stevenjmoserpc@gmail.com

3 SCHOOL STREET, SUITE 207B
GLEN COVE, NY 11542

TEL: (516) 671-1150
FAX: (516) 882-5420

January 30, 2015

Hon. Leonard D. Wexler, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

      Re:    Thomas Michael King v. MYC Resort d/b/a Montauk Yacht Club
              14-cv-06235-LDW-GRB

Dear Judge Wexler:

    Today I received the Defendants' motion to Dismiss.   For the following reasons, the Plaintiff requests leave to make a motion for partial summary judgment finding that the Defendants are subject to the New York Hospitality Wage Order (12 NYCRR § 146) and its predecessor (12 NYCRR § 138), or in the alternative a pre-motion conference.

    The Defendants argue that the Montauk Yacht Club is a "resort hotel" and not covered by the Hospitality Wage Order because it is located in a "village with less than 15,000 population." Def. MOL, p. 9 (citing § 146-3.l(c)(3)(ii)-(iii)).

    The relevant portion of the wage order cited by the Defendants states:

A resort hotel is one which [is] located [] in a city or village of less than 15,000 population.

12 NYCRR § 146-3.1§ 146-3.l(c)(3).

    MYC argues that Montauk is a "village."   MYC is incorrect.   "In New York State, the village is a general purpose municipal corporation…"  New York State Department of State, *Local Government Handbook 6th Edition* 67 (2011) *available at* http://www.dos.ny.gov/ lg/ publications/Local_Government_Handbook.pdf (Exhibit 1).   The New York General Construction Law defines terms that are widely used in New York State law.  The General Construction Law is read into every New York statute unless the wording of such later statute plainly expresses a contrary intent. *O'Keeffe v. Dugan*, 185 A.D. 53, 54, 172 N.Y.S. 558, 558 (App. Div. 1918) *aff'd* 225 N.Y. 667, 668, 122 N.E. 887 (1919), 122 NE 887; *Brustein v. New Amsterdam Cas. Co.*, 135 Misc. 352, 353, 238 N.Y.S. 313, 314 (Sup. Ct. 1929) *rev'd on other grounds* 255 N.Y. 137, 174 N.E. 304 (1931).

Case 2:14-cv-06235-LDW-GRB Document 11 Filed 01/30/15 Page 2 of 3 PageID #: 29

**Letter to Honorable Leonard D. Wexler**
*Thomas Michael King v. MYC Resort d/b/a Montauk Yacht Club,* 14-cv-06235
January 30, 2015
Page 2 of 3

STEVEN J. MOSER, P.C.
ATTORNEY AT LAW

According to the New York General Construction Law, "[t]he term village means an incorporated village."  § 54.

The Montauk Yacht Club's own website admits that the hotel is not located in a *village* but rather in "in the East Hampton hamlet of Montauk…" http://www.montaukyachtclub.com/about-myc/ (last visited Jan. 29, 21015)(Exhibit 2).  Finally, its parent company, IGY Marinas, also admits that "[t]he Montauk Yacht Club Resort & Marina is located along the Hamlet of Montauk in New York's Long Island." http://www.igymarinas.com/marinas/new-york-33687300/ (last visited Jan. 30, 2015)(Exhibit 3).  The Defendants' websites are correct: Montauk is a Hamlet.  See New York State Department of Health, *New York State Gazetteer* 37 (1995)(Exhibit 4).

Even recent case law within the Eastern District has recognized that Montauk is not a village.

> [T]he "South Fork"[], contains, *inter alia*, the [] Town of East Hampton, which is comprised of the *Village* of East Hampton, a portion of the *Village* of Sag Harbor and *a number of unincorporated hamlets, including Montauk*, the easternmost area of the Town.

*Francarl Realty Corp. v. Town of E. Hampton*, 628 F. Supp. 2d 329, 331 (E.D.N.Y. 2009)(Feuerstein, J.)(emphasis supplied).

The plain language of the regulation only exempts resorts located in "cities" and "villages", and thus *expressio unius est exclusio alterius*.  Furthermore, the obvious intent of the regulations was to exempt small "resorts" located in our State's rural communities and remote villages.  The intent of the regulations was not to protect "the world's premier owner, developer and manager of marinas and nautical lifestyle destinations" (http://www.igymarinas.com/services/marinas-resorts/ (last visited January 30, 2015)) operating in the Hamptons.

Montauk is the *name of a place*, and nothing more.  It is no more a "village" than Sunnyside, Queens, or Greenwich Village, New York.

Nassau County, one of the most densely populated areas of the United States, has a population of approximately 5,000 people per square mile. http://quickfacts.census.gov/qfd/states/36/36059.html (last visited January 29, 2015).  Under the construction proposed by the Defendant, a hotel located in any of the following communities in Nassau County could also be exempt from the Hospitality Wage Order:  Albertson, Baldwin Harbor, Carle Place, Greenvale, Harbor Hills, Herricks, Hewlett, Inwood, Jericho, Old Bethpage, Oyster Bay Hamlet, Plainedge, Point Lookout, Roslyn Heights, Salisbury, Garden City East, East Norwich, Garden City South, Glen Head, Glenwood Landing, Great Neck Gardens, Lido Beach, Locust Valley, Manhasset Hills, Manhasset, New Cassel, North Lynbrook, South Farmingdale, South Hempstead, South Valley Stream, University Gardens and Woodbury.

Such a construction of the regulation strains the boundaries of common sense.

Case 2:14-cv-06235-LDW-GRB   Document 11   Filed 01/30/15   Page 3 of 3 PageID #: 30

**Letter to Honorable Leonard D. Wexler**
*Thomas Michael King v. MYC Resort d/b/a Montauk Yacht Club,* 14-cv-06235
January 30, 2015
Page 3 of 3

**STEVEN J. MOSER, P.C.**
ATTORNEY AT LAW

      Finally, the Defendants' argument that the spread of hours law contained in 12 NYCRR § 146-1.6 only applies to minimum wage workers fails as a matter of law. The regulation clearly states that the spread of hours provisions "apply to all employees in restaurants and all-year hotels, regardless of a given employee's regular rate of pay." The Defendants have confused 12 NYCRR 142-2.4(a) and 146-1.6(d).

> "By its plain language, section 142-2.4(a) only provides supplemental wages to workers who are paid the minimum wage required under New York law. It does not ensure additional compensation to employees whose wages sufficiently exceed that floor." *Espinosa v. Delgado Travel Agency, Inc.*, No. 05 CIV. 6917 (SAS), [119] 2007 U.S. Dist. LEXIS 15149, 2007 WL 656271, *2 (S.D.N.Y. Mar. 2, 2007); *see also Almeida v. Aguinaga*, 500 F. Supp. 2d 366, 369-70 (S.D.N.Y. 2007) (collecting cases). Effective January 1, 2011, however, employers are required to pay a spread of hours premium for "all employees in restaurants and all-year hotels, *regardless* of a given employee's regular rate of pay." 12 N.Y.C.R.R. § 146-1.6(d) (emphasis added)

*Flores v. Anjost Corp.*, 284 F.R.D. 112, 118-19 (S.D.N.Y. 2012).

      For the foregoing reasons, Plaintiff respectfully requests leave to file a motion for partial summary judgment finding that the Montauk Yacht Club is a hotel subject to 12 NYCRR § 146-1.6 and that therefore all employees of the hotel are entitled to the spread of hours premium regardless of their regular rate of pay.

      Respectfully submitted,

      Steven John Moser