

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

1745 Broadway, 22nd Floor
New York, New York 10019
Telephone: 212.492.2500
Facsimile: 212.492.2501
www.ogletreedeakins.com

Aaron Warshaw
212.492.2509
aaron.warshaw@ogletreedeakins.com

February 6, 2015

**VIA ECF and OVERNIGHT MAIL**

The Honorable Leonard D. Wexler, U.S.D.J.
U.S. District Court for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York  11722

RE:   *Thomas Michael King v. MYC Resort, LLC d/b/a Montauk Yacht Club*,
        E.D.N.Y., Case No. 14-CV-6235(LDW)(GRB)

Dear Judge Wexler:

     As Your Honor is aware, we represent defendant MYC Resort LLC ("MYC") in the above-named action filed by plaintiff Thomas Michael King ("Plaintiff").  We write in response to Plaintiff's January 30th pre-motion letter seeking leave to file a motion for partial summary judgment of his New York Labor Law ("NYLL") spread of hours claim.  Even though MYC's motion to dismiss has not yet been fully briefed and is likely to succeed, Plaintiff now seeks to file a partial summary judgment motion because:  (1) MYC is not located in a "village," and therefore MYC is subject to the NYLL spread of hours law; and (2) under the minority view of Southern District of New York cases, the NYLL spread of hours law applies to employees earning over the minimum wage.  As explained below, the Court should not waste its or the parties' resources by considering Plaintiff's newly-minted attempt to resurrect his meritless claim – and to create supposed disputed issues of fact – in the guise of a motion for partial summary judgment.  MYC thus respectfully requests that the Court deny Plaintiff's pre-motion request and award MYC its reasonable fees in opposing the foregoing application pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.

     As set forth in MYC's Rule 12(b)(6) and Rule 12(c) motion to dismiss – which will be fully briefed and submitted to the Court on April 6, 2015 – Plaintiff's Complaint fails as a matter of law because:  (1) he earned more than twice the minimum hourly wage, and therefore he was ineligible to receive NYLL spread of hours pay under the controlling law of this District; (2) MYC meets the statutory definition of a "resort hotel," and therefore it is exempt from the NYLL spread of hours requirement; (3) Plaintiff cannot maintain, and he has not sufficiently alleged, any class-wide claim; and (4) even assuming *arguendo* that Plaintiff's claim is actionable, which it is not, he is subject to binding arbitration agreements.[1]  Plaintiff was well-aware of the grounds

---

[1]   In compliance with Your Honor's Individual Rules, MYC served its motion papers upon Plaintiff on January 30, 2015, but will not file its papers with the Court until the motion is fully briefed on April 6, 2015.  To the extent that Your Honor wishes to review MYC's motion papers – which we firmly believe shows that its motion to dismiss with prejudice is likely to be granted – we would be happy to submit them for the Court's consideration.

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver
Detroit Metro ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico)
Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland
Raleigh ▪ Richmond ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Stamford ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

The Honorable Leonard D. Wexler, U.S.D.J.
February 6, 2015
Page 2

for MYC's pending motion ever since MYC filed its pre-motion letter on November 20, 2014. (Docket Entry 7.) Yet, in opposing MYC's pre-motion letter, Plaintiff did not seek leave to cross-move for partial summary judgment, and he instead provided mere cursory arguments opposing MYC's motion to dismiss. (Docket Entry 8.)

Even assuming *arguendo* that Plaintiff's application was procedurally sound or timely, which it is not, his application is wholly contrary to controlling law and should be rejected:

First, Plaintiff does not deny, nor can he deny, that he earned more than twice the minimum hourly wage. Under the controlling law, that is fatal to his NYLL spread of hours claim. Plaintiff vainly attempts to avoid this threshold dispositive issue by citing to the minority view of Southern District of New York cases. (Docket Entry 11 at 3.) However, under the controlling law of this Eastern District of New York – and as more fully explained in MYC's motion to dismiss – NYLL spread of hours claims are unavailable to employees such as Plaintiff who earned greater than minimum wage. *E.g.*, *Chuchuca v. Creative Customs Cabinets Inc.*, No. 13-CV-2506, 2014 WL 6674583, at *10 (E.D.N.Y. Nov. 25, 2014) (Mann, M.J.) ("In accordance with the clear weight of authority in this Circuit, as well as all precedent in this District ruling on the issue, employees who earn in excess of the minimum wage are not entitled to a spread-of-hours compensation."); *Singh v. Patel*, No. 12-CV-3204, 2013 WL 2190153, at *2 (E.D.N.Y. May 16, 2013) (Feuerstein, J.) (granting Rule 12(c) motion to dismiss NYLL spread of hours claim where plaintiff failed to allege that he was paid at or below the statutory minimum wage); *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 473 (E.D.N.Y. 2011) (Spatt, J.) (granting Rule 12(b)(6) motion to dismiss NYLL spread of hours claim where the Court took judicial notice of W-2 forms showing that plaintiff earned significantly higher than minimum wage); *Jenkins v. Hanac, Inc.*, 493 F. Supp. 2d 556, 558-59 (E.D.N.Y. 2007) (Feuerstein, J.) (granting Rule 12(b)(6) motion to dismiss NYLL spread of hours claim based on review of payroll records where plaintiff's salary exceeded minimum wage); *see also Juarez v. Precision Apparel, Inc.*, No. 12-CV-2349, 2013 WL 5210142, at *12 (E.D.N.Y. Sept. 13, 2013) (Ross, J.) (adopting report and recommendation that spread of hours wages were unavailable to employees earning above minimum wage); *Guadalupe v. Tri-State Emp., Mgm't & Consulting, Inc.*, No. 10-CV-3840, 2013 WL 4547242, at *12 (E.D.N.Y. Aug. 28, 2013) (Gershon, J.) (same); *Rui Xiang Huang v. J & A Entm't, Inc.*, No. 09-CV-5587, 2013 WL 173738, at *1 (E.D.N.Y. Dec. 3, 2012) (Ross, J.) (same). For this reason alone, MYC's motion to dismiss is likely to be granted, rendering Plaintiff's proposed partial summary judgment a futile waste of the Court's and the parties' resources, such that his proposed motion for partial summary judgment should be denied.

Second, Plaintiff makes the convoluted argument that, because Montauk is a "hamlet" rather than an "incorporated village," MYC is not exempt from the NYLL spread of hours law. Yet, Plaintiff misquotes 12 N.Y.C.R.R. § 146-3.1(c)(3) as stating that: "A resort hotel is one which [is] located [] in a city or village of less than 15,000 population." (Docket Entry 11 at 1.) In fact, the statute reads in full that: "A resort hotel is one which . . . [is] located in *a rural community* or in a city or village of less than 15,000 population." 12 N.Y.C.R.R. § 146-3.1(c)(3)(ii)-(iii) (emphasis added).[2] Thus, even assuming that the Court accepts Plaintiff's convoluted argument that Montauk is a "hamlet" and not an "incorporated village," the New

---

[2]   This is consistent with the New York Department of Labor's guidance, which states that a "resort hotel" is defined as *inter alia* one where "*[t]he hotel is in a rural community* or in a city or village of less than 15,000 population." Hospitality Wage Order Frequently Asked Questions, *available at* www.labor.ny.gov/legal/counsel/pdf/hospitality-wage-order-frequently-asked-questions.pdf (emphasis added).

York Department of Labor's plain intent was to exempt "resort hotels" located in sparsely-populated municipalities – whether located in unincorporated communities or in incorporated cities or villages with populations of less than 15,000. As described in MYC's motion to dismiss, Montauk's most recent census was merely 3,326, and MYC therefore meets the definition of a "resort hotel." Were the Court to instead adopt Plaintiff's strictly narrow reading of the regulation, all resorts located in unincorporated villages or hamlets would *per se* be ineligible for the "resort hotel" exemption, thus undermining the regulation's plain intent.[3] *New York State Bankers Ass'n. v. Albright*, 38 N.Y. 430, 436-37 (1976) (under New York law, courts should disregard the plain meaning of words used in a law where they lead to "absurd or futile results" or an "unreasonable one 'plainly at variance with the policy of the legislation as a whole'") (quoting *United States v. Am. Trucking Ass'ns.*, 310 U.S. 534, 543-44 (1940)). Plaintiff's attempt to manufacture a supposed issue of law regarding "hamlets" and "incorporated villages" – which is not even dispositive to Plaintiff's Complaint – should therefore be rejected.

Even if the Court were inclined to consider Plaintiff's proposed motion – which it should not do – Plaintiff will not be prejudiced by simply raising his newly-minted arguments in opposition to MYC's pending motion to dismiss. MYC strongly believes it will succeed on its anticipated motion seeking dismissal of the Complaint with prejudice, which will obviate the need to separately brief and resolve Plaintiff's proposed motion for partial summary judgment.

Lastly, given that Plaintiff has not and cannot refute that he is ineligible to receive spread of hours pay because he earned greater than minimum wage, his application is merely frivolous and vexatious. As MYC has cautioned Plaintiff's counsel, (Docket Entry 7 at 3 n.5), Plaintiff's pursuit of meritless motion practice and claims in this case warrants sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Therefore, in addition to denying Plaintiff's pre-motion application, MYC respectfully requests that the Court award to MYC its reasonable fees in opposing the foregoing application.

Thank you for Your Honor's attention to this matter.

      Respectfully submitted,

      OGLETREE, DEAKINS, NASH,
       SMOAK & STEWART, P.C.

      By /s Aaron Warshaw
        Aaron Warshaw
      1745 Broadway, 22nd Floor
      New York, New York 10019
      (212) 492-2509
      aaron.warshaw@ogletreedeakins.com

      *Attorney for Defendant*

CC: Steven J. Moser (via ECF)

---

[3] Plaintiff's claim that the Court should look to the Town of East Hampton's population is absurd. Under Plaintiff's strictly narrow view, East Hampton is a "town" and therefore any hotels located within its borders could *never* qualify for the exemption because East Hampton is neither a "city" nor a "village."