UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THOMAS MICHAEL KING, individually and on behalf of all others similarly situated,

                  Plaintiff,

    -against-                                    No. 14-CV-6235(LDW)(GRB)

MYC RESORT, LLC d/b/a MONTAUK YACHT CLUB,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Dated: New York, New York
        January 30, 2015

Aaron Warshaw
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C
1745 Broadway, 22nd Floor
New York, New York 10019
(212) 492-2500

*Attorney for Defendant*
*MYC Resort LLC*

Case 2:14-cv-06235-LDW-GRB   Document 16   Filed 04/13/15   Page 2 of 16 PageID #: 234

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ..................................................................................................1

II. BACKGROUND FACTS .........................................................................................................2

    A.    Plaintiff Earned More Than Twice The Applicable Minimum Wage ........................2

    B.    MYC Meets The Statutory Definition Of A "Resort Hotel" And Therefore Is Exempt From The Spread Of Hours Requirement .......................................................3

    C.    Plaintiff Executed Arbitration Agreements With MYC .............................................4

III. ARGUMENT ...........................................................................................................................4

    A.    The Applicable Standards ............................................................................................4

    B.    Plaintiff Was Not Eligible To Receive Spread Of Hours Pay Because He Earned Greater Than The Minimum Hourly Wage ................................................................6

    C.    The NYLL Spread Of Hours Law Exempts MYC Because It Is A "Resort Hotel" ...9

    D.    Plaintiff Cannot Maintain Any Class-Wide Claim ....................................................10

    E.    The Proper Forum For Any Further Proceedings Is Arbitration ..............................10

IV. CONCLUSION ......................................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

CASES

*Almeida v. Aguinaga*,
    500 F. Supp. 2d 366 (S.D.N.Y. 2007) ............................................................................. 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................ 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................ 4

*Brass v. American Film Techs., Inc.*,
    987 F.2d 142 (2d Cir. 1993) ........................................................................................... 5

*Chan v. Triple 8 Palace, Inc.*,
    No. 03 Civ. 6048, 2006 WL 851749 (S.D.N.Y. Mar. 20, 2006) ..................................... 7

*Chuchuca v. Creative Customs Cabinets Inc.*,
    No. 13-CV-2506, 2014 WL 6674583 (E.D.N.Y. Nov. 25, 2014) ............................... 6, 8

*Cortec Indus., Inc. v. Sum Holding L.P.*,
    949 F.2d 42 (2d Cir. 1991) ............................................................................................. 2

*Dejesus v. HF Mgm't Servs., LLC*,
    726 F.3d 85 (2d Cir. 2013) ............................................................................................. 5

*DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*,
    770 F. Supp. 2d 497 (E.D.N.Y. 2011) ............................................................................ 5

*Doo Nam Yang v. ACBL Corp.*,
    427 F. Supp. 2d 327 (S.D.N.Y. 2005) ......................................................................... 7, 8

*Espinosa v. Delgado Travel Agency*,
    No. 05 Civ. 6917, 2007 WL 656271 (S.D.N.Y. Mar. 2, 2007) ....................................... 7

*Franklin v. Breton Int'l, Inc.*,
    No. 06 Civ. 4877, 2006 WL 3591949 (S.D.N.Y. Dec. 11, 2006) ................................... 7

*Genesis Healthcare Corp. v. Symczyk*,
    133 S. Ct. 1523 (2013) .................................................................................................. 10

*Guadalupe v. Tri-State Emp., Mgm't & Consulting, Inc.*,
    No. 10-CV-3840, 2013 WL 4547242 (E.D.N.Y. Aug. 28, 2013) ................................... 7

*In re Wachovia Equity Sec. Litig.*,
    753 F. Supp. 2d 326 (S.D.N.Y. 2011) .......................................................................... 10

## TABLE OF AUTHORITIES
## CONTINUED
**Page(s)**

**CASES**

*Jenkins v. Hanac, Inc.*,
  493 F. Supp. 2d 556 (E.D.N.Y. 2007)..................................................................................7

*Johnson v. Rowley*,
  569 F.3d 40 (2d Cir. 2009) ...................................................................................................4

*Juarez v. Precision Apparel, Inc.*,
  No. 12-CV-2349, 2013 WL 5210142 (E.D.N.Y. Sept. 13, 2013)..........................................7

*L-7 Designs, Inc. v. Old Navy, LLC*,
  647 F.3d 419 (2d Cir. 2011) .................................................................................................5

*Lundy v. Catholic Health Sys. of Long Isl., Inc.*,
  711 F.3d 106 (2d Cir. 2013) ..............................................................................................1, 5

*Malena v. Victoria's Secret Direct, LLC*,
  886 F. Supp. 2d 349 (S.D.N.Y. 2012)...................................................................................7

*Martinez v. Hilton Hotels Corp.*,
  930 F. Supp. 2d 508 (S.D.N.Y. 2013)................................................................................7, 8

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
  No. 10-CV-2661(PAC), 2011 WL 321186 (S.D.N.Y. Jan. 28, 2011)....................................5

*Roach v. T.L. Cannon Corp.*,
  889 F. Supp. 2d 364 (N.D.N.Y. 2012) ..................................................................................8

*Roberts v. Babkiewicz*,
  582 F.3d 418 (2d Cir. 2009) .................................................................................................5

*Rui Xiang Huang v. J & A Entm't, Inc.*,
  No. 09-CV-5587, 2013 WL 173738 (E.D.N.Y. Dec. 3, 2012)..............................................7

*Singh v. Patel*,
  No. 12-CV-3204, 2013 WL 2190153 (E.D.N.Y. May 16, 2013)..........................................6

*Sira v. Morton*,
  380 F.3d 57 (2d Cir. 2004) ...................................................................................................5

*Sosnowy v. A. Perri Farms, Inc.*,
  764 F. Supp. 2d 457 (E.D.N.Y. 2011).........................................................................2, 7, 8

## TABLE OF AUTHORITIES
## CONTINUED

**Page(s)**

**CASES**

*Victoria Cruises, Inc. v. Changjiang Cruise Overseas Travel Co.,*
    630 F. Supp. 2d 255 (E.D.N.Y. 2008) ........................................................................................ 3

*Wal-Mart Stores, Inc. v. Dukes,*
    131 S.Ct. 2541 (2011) ............................................................................................................ 10

*Zubair v. EnTech Eng'g P. C.,*
    808 F. Supp. 2d 592 (S.D.N.Y. 2011) ...................................................................................... 7

**STATUTES, RULES AND REGULATIONS**

28 U.S.C. § 1927 .............................................................................................................................. 11

Federal Arbitration Act, 9 U.S.C. § 1 ............................................................................................... 11

12 N.Y.C.R.R. § 146-1.6 ........................................................................................................... 6, 8, 9

12 N.Y.C.R.R. § 146-3.1(c)(2) ........................................................................................................ 9

Federal Rule of Civil Procedure 11 .................................................................................................. 11

Federal Rule of Civil Procedure 12(b)(6) .................................................................................. *passim*

Federal Rule of Civil Procedure 12(c) ....................................................................................... *passim*

Federal Rule of Civil Procedure 23 .................................................................................................. 10

**OTHER AUTHORITIES**

N.Y.S. Dep't of Labor Opinion Letter RO-07-0009 ......................................................................... 8

N.Y.S. Dep't of Labor Opinion Letter RO-06-0027 ......................................................................... 8

*New York State Department of Labor, History of Hourly Minimum Wage,*
    http://www.labor.ny.gov/stats/minimum_wage.asp. ............................................................. 6

*New York: Population and Housing Unit Counts,*
    www.census.gov/prod/cen2010/cph-2-34.pdf. .................................................................... 3, 9

## I. PRELIMINARY STATEMENT

Defendant MYC Resort LLC ("MYC") respectfully submits this Memorandum of Law in support of its Rule 12(b)(6) and Rule 12(c) Motion to Dismiss the Complaint filed by Plaintiff Thomas Michael King ("Plaintiff").

Plaintiff's Complaint alleges that he and others who he purports to represent were not provided "spread of hours" pay under the New York Labor Law ("NYLL"). (Compl., ¶¶ 31-38.) However, Plaintiff's threadbare and conclusory allegations fail as a matter of law for patently obvious reasons, and continued litigation of this case would waste the parties' and the Court's resources. Indeed, the Second Circuit recently emphasized that plaintiffs must do more than supply "low-octane fuel for speculation" to meet the pleading standard to allege a violation of the NYLL. *Lundy v. Catholic Health Sys. of Long Isl., Inc.*, 711 F.3d 106, 115 (2d Cir. 2013). Here, Plaintiff's Complaint fails as a matter of law because: (1) he earned more than twice the minimum hourly wage, and therefore was ineligible to receive spread of hours pay under the controlling law of this District; (2) MYC meets the statutory definition of a "resort hotel," and therefore it is exempt from the NYLL spread of hours requirement; (3) Plaintiff cannot maintain, and he has not sufficiently alleged, any class-wide claim; and (4) even assuming *arguendo* that Plaintiff's claim is actionable, which it is not, he is subject to binding arbitration agreements.

For each of the reasons set forth above, and as described in greater detail below, the Court should not countenance Plaintiff's frivolous allegations. Instead, the Court should dismiss the Complaint with prejudice and with no further proceedings.[1]

---

[1] In the alternative, MYC seeks for the Court to compel arbitration pursuant to the binding and valid arbitration agreements that Plaintiff executed. (Decl. of Bill Beckert ("Beckert Decl."), ¶ 7 & Ex. E.) However, because Plaintiff's spread of hours claim utterly fails as a matter of law, MYC respectfully requests that the Court instead dismiss the Complaint with prejudice to avoid any further wasting of the parties' resources through additional litigation.

## II. BACKGROUND FACTS

### A. PLAINTIFF EARNED MORE THAN TWICE THE APPLICABLE MINIMUM WAGE

Plaintiff's Complaint contains nothing more than boilerplate recitations of law that are devoid of the facts necessary to maintain his NYLL spread of hours claim. Plaintiff alleges that he was employed by MYC between April 2007 and November 2013, and that MYC is a "year-round hotel for the calendar years 2011 to the present." (Compl., ¶¶ 8, 33.) He further alleges that MYC failed to pay him and others who he purports to represent "additional compensation of one hour's pay at the minimum hourly wage rate for each day during which the spread of hours exceeded ten (10)." (*Id.*, ¶ 36.) Yet, Plaintiff provides no factual support whatsoever regarding numerous relevant facts that address his rate of pay, his job duties, his job title, his work schedule, his hours worked for MYC, and any hours that he allegedly worked for MYC in excess of ten hours per day.

Among the Complaint's numerous deficiencies, Plaintiff does not allege that MYC merely paid him the minimum hourly wage at any time during his employment, as required to maintain his NYLL spread of hours claim. That is because Plaintiff was, in fact, paid well in excess of the applicable minimum wage. As Plaintiff is well aware, he earned between $16.00 to $16.80 per hour during the relevant time period.[2] (Beckert Decl., ¶¶ 3-5, Exs. A-C.) For the reasons explained below, *infra* III.B, Plaintiff therefore was ineligible to receive spread of hours

---

[2] Although Plaintiff's Complaint is silent as to his rate of pay, he had actual notice of this fact, which is integral to his NYLL claim. The Court therefore may consider the documents attached to the Beckert Declaration under Rule 12(b)(6) and Rule 12(c) for the proposition that Plaintiff earned greater than minimum wage. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991), *cert denied*, 503 U.S. 960, (1992) (when resolving a motion to dismiss, courts may consider documents that plaintiff had actual notice of and which were integral to claim even though those documents were not referenced in complaint); *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 473 (E.D.N.Y. 2011) (Spatt, J.) (granting Rule 12(b)(6) motion to dismiss NYLL spread of hours claim under consideration of employment records submitted by defendant employer showing that plaintiff earned significantly higher than minimum wage).

pay because he earned greater than the applicable minimum hourly wage, and dismissal of his Complaint is warranted.

**B.    MYC MEETS THE STATUTORY DEFINITION OF A "RESORT HOTEL" AND THEREFORE IS EXEMPT FROM THE SPREAD OF HOURS REQUIREMENT**

Plaintiff refers to MYC as a "Hotel" throughout his Complaint, and he asserts that MYC operated as a "year-round hotel" from 2011 to present. (Compl., ¶ 8.) However, beyond these conclusory allegations, Plaintiff's Complaint does not set forth any facts to show that MYC was an "all-year hotel" as that term is defined by the NYLL. In fact, MYC is not an "all-year hotel," but instead MYC meets the statutory definition of a "resort hotel." (Beckert Decl., ¶ 6.) First, as Plaintiff is well aware, MYC "provides lodging accommodations of a vacational nature to the public or to members or guests of members." (*Id.*) Second, as Plaintiff also is well aware, MYC operates seasonally and undergoes at least a 100% increase of employees and guest stays each season, including from 2011 to present.[3] (*Id.*, ¶ 6 & Ex. D.) Third, according to the most-recent 2010 census, the population of Montauk – where MYC is located – was 3,326. *New York: Population and Housing Unit Counts*, at 80, *available at* www.census.gov/prod/cen2010/cph-2-34.pdf.[4] As explained below, *infra* III.C, Plaintiff therefore was ineligible to receive spread of hours pay because MYC meets the statutory definition of a seasonal "resort hotel" rather than an "all-year hotel," and it is therefore exempt from the NYLL spread of hours law.

---

[3]    The Court may consider the indisputable facts and documents attached to the Beckert Declaration because they are integral to his conclusory allegation that MYC is an "all-year hotel." *Supra* footnote 2. Indeed, Plaintiff had actual notice that MYC is not an all-year hotel by virtue of the fact that he was rehired each season. (Beckert Decl., ¶ 2.)

[4]    The Court may take judicial notice of census statistics. *Victoria Cruises, Inc. v. Changjiang Cruise Overseas Travel Co.*, 630 F. Supp. 2d 255, 263 n.3 (E.D.N.Y. 2008) (courts may take judicial notice of government statistics, including census statistics).

### C.     PLAINTIFF EXECUTED ARBITRATION AGREEMENTS WITH MYC

Even if Plaintiff's Complaint alleged a viable spread of hours claim, which it does not, he executed Dispute Resolution Agreements upon his re-hire by MYC each resort season, including on or about April 18, 2011, March 23, 2012, and March 20, 2013. (Beckert Decl., ¶ 7, Ex. E.) Those agreements plainly state that Plaintiff agreed that "any controversy or claim arising out of or relating to my employment . . . shall be resolved by final and binding arbitration before a single arbitrator in accordance with the Employment Arbitration Rules of the American Arbitration Association." (*Id.*, Ex. E.) The matters covered by the arbitration agreements include "claims for salary or other compensation due." (*Id.*) Thus, as explained below, *infra* III.E, the proper forum for any further proceedings relating to Plaintiff's Complaint is in binding arbitration and not in this Court.

### III.   ARGUMENT

### A.     THE APPLICABLE STANDARDS

Under Rule 12(b)(6), the Complaint should be dismissed because Plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under Rule 12(c), the Court employs the same plausibility standard as under Rule 12(b)(6). *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009). The plausibility standard requires more of a showing than "a sheer possibility that the defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations of fact "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

4

In determining the sufficiency of Plaintiff's claims for purposes of Rule 12(b)(6), the Court may consider:

> the factual allegations in [Plaintiff's] . . . complaint, which are accepted as true, . . . documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . <u>documents either in [his] possession or of which [he] had knowledge and relied on in bringing this suit</u>.

*Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (emphasis added); *see also DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 506-07 (E.D.N.Y. 2011) (same considerations in dismissing NYLL claims). Similarly, under Rule 12(c), "the court considers 'the complaint, the answer, any written documents attached to them, and <u>any matter of which the court can take judicial notice for the factual background of the case</u>.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (emphasis added) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)). Under Rule 12(c), "[a] complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and <u>documents that, although not incorporated by reference, are 'integral' to the complaint</u>." *L-7 Designs*, 647 F.3d at 422 (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)) (emphasis added).

As part of Plaintiff's burden, the Complaint must lay a "factual foundation for determining the viability of" his NYLL spread of hours claim. *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, No. 10-CV-2661(PAC), 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011), *aff'd*, 723 F.3d 192 (2d Cir. 2013). In other words, Plaintiff is required to <u>at least</u> "provide some factual context that will nudge [his] claim from conceivable to plausible." *Dejesus v. HF Mgm't Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013) (citations omitted). Allegations that "supply nothing but low-octane fuel for speculation" do not meet this standard and are ripe for dismissal. *Lundy*, 711 F.3d at 115. Applying these standards to the conclusory

5

and boilerplate facts alleged in the Complaint, as well as to the matters of which judicial notice may be taken, Plaintiff's NYLL spread of hours claim utterly fails as a matter of law and MYC's motion should be granted.

**B.   PLAINTIFF WAS NOT ELIGIBLE TO RECEIVE SPREAD OF HOURS PAY BECAUSE HE EARNED GREATER THAN THE MINIMUM HOURLY WAGE**

New York's spread of hours law states that, "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay <u>at the basic minimum hourly rate</u>." 12 N.Y.C.R.R. § 146-1.6(a) (emphasis added).[5] As such, to maintain his spread of hours claim, Plaintiff must allege that MYC paid him the minimum hourly wage during any specific period of time. *Singh v. Patel*, No. 12-CV-3204, 2013 WL 2190153, at *2 (E.D.N.Y. May 16, 2013). Plaintiff's Complaint is devoid of any allegations regarding his rate of pay, let alone any allegations that he was paid the minimum hourly wage. That is because Plaintiff, in fact, earned between $16.00 to $16.80 per hour throughout his employment with MYC. (Beckert Decl., ¶¶ 3-5, Exs. A-C.) This is more than two times the then-applicable statutory minimum wage of $7.25 per hour. *New York State Department of Labor, History of Hourly Minimum Wage*, http://www.labor.ny.gov/stats/minimum_wage.asp.

It is well-established in this Eastern District of New York that NYLL spread of hours claims are unavailable to employees earning greater than minimum wage. *E.g., Chuchuca v. Creative Customs Cabinets Inc.*, No. 13-CV-2506, 2014 WL 6674583, at *10 (E.D.N.Y. Nov. 25, 2014) (Mann, M.J.) ("In accordance with the clear weight of authority in this Circuit, as well as all precedent in this District ruling on the issue, employees who earn in excess of the minimum wage are not entitled to a spread-of-hours compensation."); *Singh*, 2013 WL 2190153, at *2 (Feuerstein, J.) (granting Rule 12(c) motion to dismiss NYLL spread of hours claim where

---

[5]   A "spread of hours" is defined as "the length of the interval between the beginning and end of an employee's workday." 12 N.Y.C.R.R. § 146-1.6.

6

plaintiff failed to allege that he was paid at or below the statutory minimum wage); *Sosnowy*, 764 F. Supp. 2d at 473 (Spatt, J.) (granting Rule 12(b)(6) motion to dismiss NYLL spread of hours claim where the Court took judicial notice of W-2 forms submitted by defendant employer showing that plaintiff earned significantly higher than minimum wage); *Jenkins v. Hanac, Inc.*, 493 F. Supp. 2d 556, 558-59 (E.D.N.Y. 2007) (Feuerstein, J.) (granting Rule 12(b)(6) motion to dismiss NYLL spread of hours claim based on review of payroll records submitted by defendant employer where plaintiff's salary exceeded minimum wage); *see also Juarez v. Precision Apparel, Inc.*, No. 12-CV-2349, 2013 WL 5210142, at *12 (E.D.N.Y. Sept. 13, 2013) (Ross, J.) (adopting report and recommendation that spread of hours wages were unavailable to employees earning above minimum wage); *Guadalupe v. Tri-State Emp., Mgm't & Consulting, Inc.*, No. 10-CV-3840, 2013 WL 4547242, at *12 (E.D.N.Y. Aug. 28, 2013) (Gershon, J.) (same); *Rui Xiang Huang v. J & A Entm't, Inc.*, No. 09-CV-5587, 2013 WL 173738, at *1 (E.D.N.Y. Dec. 3, 2012) (Ross, J.) (same).

Similarly, the prevailing view in the Southern District of New York is that NYLL spread of hour claims are unavailable to employees earning greater than minimum wage. *E.g.*, *Martinez v. Hilton Hotels Corp.*, 930 F. Supp. 2d 508, 532 (S.D.N.Y. 2013); *Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 368-69 (S.D.N.Y. 2012); *Zubair v. EnTech Eng'g P. C.*, 808 F. Supp. 2d 592, 601 (S.D.N.Y. 2011); *Almeida v. Aguinaga*, 500 F. Supp. 2d 366, 370 (S.D.N.Y. 2007); *Espinosa v. Delgado Travel Agency*, No. 05 Civ. 6917, 2007 WL 656271, at *2 (S.D.N.Y. Mar. 2, 2007); *Franklin v. Breton Int'l, Inc.*, No. 06 Civ. 4877, 2006 WL 3591949, at *4 (S.D.N.Y. Dec. 11, 2006); *Chan v. Triple 8 Palace, Inc.*, No. 03 Civ. 6048, 2006 WL 851749, at *21 (S.D.N.Y. Mar. 20, 2006).[6]

---

[6] In an early decision analyzing the NYLL spread of hours law, *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327 (S.D.N.Y. 2005), District Judge Leonard B. Sand held that spread of

7

This view also is supported by New York State Department of Labor opinion letters. *Martinez*, 930 F. Supp. 2d at 531. ("The New York State Department of Labor has issued opinion letters concluding that the 'spread of hours' provisions in effect prior to 2011 did not apply to employees whose aggregate pay for 'spread of hours' work exceeded the minimum wage plus an additional hour of pay at the minimum wage.") (quoting N.Y.S. Dep't of Labor opinion letter dated Mar. 16, 2007, file no. RO-07-0009, at 1, *available at* www.labor.ny.gov/legal/counsel/pdf/minimum%20wage%20orders/ro-07-0009a.pdf ("If . . . the employee's regular wages for [spread of hours work] is equal to or greater than [the minimum wage for such hours together with an additional hour of pay at the minimum wage], no additional wages need be paid.")); N.Y.S. Dep't of Labor opinion letter dated Apr. 12, 2006, file no. RO-06-0027, at 2 ("[T]he spread of hours regulation does not require all employees to be paid for an additional hour, but merely that the total wages paid be equal to or greater than the total due for all hours at the minimum wage plus one additional hour at the minimum wage.")).[7]

Indeed, the binding precedent in this Eastern District of New York, the prevailing view in the Southern District of New York, and the opinion of the New York State Department of Labor are all consistent with the plain language of the NYLL spread of hours statute, which expressly refers to employees who earn "pay <u>at the basic minimum hourly rate</u>." 12 N.Y.C.R.R. § 146-

---

hours pay is available regardless of whether the employee's salary covers an additional hour at minimum wage per day. However, virtually every case since – including in the Eastern and Southern Districts of New York – has since expressly disagreed with its holding. *E.g.*, *Chuchuca*, 2014 WL 6674583, at *10; *Sosnowy*, 764 F. Supp. 2d at 473; *Martinez*, 930 F. Supp. at 532; *Roach v. T.L. Cannon Corp.*, 889 F. Supp. 2d 364, 369 (N.D.N.Y. 2012). Indeed, *Yang* was viewed as an outlier almost immediately after the decision was issued. *E.g.*, *Roach* at 367 (S.D.N.Y. March 30, 2006) ("[A] majority of the cases since *Yang* have disagreed as to both the holding that the plain language did not limit its applicability to minimum wage workers.").

[7]   This opinion letter is no longer available on the New York State Department of Labor's website, but it has been oft-quoted in judicial opinions, including in *Martinez* cited above.

1.6(a) (emphasis added). As a matter of law, Plaintiff therefore was ineligible to receive spread of hour pay and, for this reason alone, his Complaint should be dismissed with prejudice.

C. THE NYLL SPREAD OF HOURS LAW EXEMPTS MYC BECAUSE IT IS A "RESORT HOTEL"

Even assuming *arguendo* that Plaintiff was eligible to receive spread of hours pay – which he was not – MYC is exempt from the NYLL spread of hour law because it is a seasonal "resort hotel" rather than an "all-year hotel." Under the statute, the NYLL spread of hours law only applies to "all-year hotels." 12 N.Y.C.R.R. § 146-1.6. Plaintiff incorrectly alleges that New York law "defines an all-year hotel as one that operates for more than seven months in a calendar year." (Compl., ¶ 4.) In fact, an "all-year hotel" is defined as "one that does not qualify as a resort hotel." 12 N.Y.C.R.R. § 146-3.1(c)(2). By contrast, a "resort hotel" includes locations that: (a) offer "lodging accommodations of a vacational nature to the public or to members or guests of members"; (b) are located in a village with less than 15,000 population; and (c) undergo at least a 100% increase of employee workdays or guest stays during the course of any four-week period. *Id.,* § 146-3.1(c)(3)(ii)-(iii).

Plaintiff's Complaint contains no facts whatsoever to support his conclusory claim that MYC was an "all-year hotel." That is because MYC instead meets the statutory definition of a "resort hotel" because: (1) it provides "lodging accommodations of a vacational nature to the public or to members or guests of members," (Beckert Decl., ¶ 6); (2) it is located in Montauk, which has a population well below 15,000, *New York: Population and Housing Unit Counts*, at 80, *available at* www.census.gov/prod/cen2010/cph-2-34.pdf; and (3) MYC operates seasonally and undergoes at least a 100% increase of employees and guest stays each season, including from 2011 to present, (Beckert Decl., ¶ 6 & Ex. D). MYC is therefore exempt from the NYLL spread of hours law, and dismissal of the Complaint with prejudice is warranted for this additional reason as well.

9

D. **PLAINTIFF CANNOT MAINTAIN ANY CLASS-WIDE CLAIM**

Plaintiff purports to bring his Complaint as a class action. (Compl., ¶¶ 13-24.) However, Plaintiff lacks standing to pursue any class-wide claims based on his failure to sufficiently allege any individual NYLL spread of hours. *Supra* III.B and III.C. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) (plaintiff's collective wage and hour claims "became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action"); *In re Wachovia Equity Sec. Litig.*, 753 F. Supp. 2d 326, 369 (S.D.N.Y. 2011) ("[S]tanding is a question antecedent to class certification that requires plaintiffs to suffer personal injury.").

The mere boilerplate allegations of Plaintiff's Complaint also fall well short of the Rule 23 pleading standard. For instance, Plaintiff does not plausibly describe any class-wide illegal policy that affected himself and those who he purports to represent, nor does he provide any allegations regarding the job titles, job duties, work schedules, hours worked, or hours worked in excess of ten hours per day of any purported class members. Based on these deficiencies, the purported class would be overwhelmed with dissimilarities and individualized factual inquiries that clearly fail to meet the Rule 23 pleading standard. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011). For each of these reasons, Plaintiff's purported class claims fail as a matter of law, and the Complaint should be dismissed in its entirety with no further proceedings.

E. **THE PROPER FORUM FOR ANY FURTHER PROCEEDINGS IS ARBITRATION**

Even assuming *arguendo* that Plaintiff had established a viable claim for spread of hours, which he has not, any such claim must be resolved in binding arbitration. Upon his re-hire by MYC each season, including on or about April 18, 2011, March 23, 2012, and March 20, 2013, Plaintiff executed Dispute Resolution Agreements. (Beckert Decl., ¶ 7, Ex. E.) Those agreements are binding and valid, and they cover "claims for salary or other compensation due"

10

that would include Plaintiff's NYLL spread of hours claim. (*Id.*) The agreements should be read as broadly as possible in favor of arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* The proper forum for any further proceedings relating to Plaintiff's Complaint therefore is in binding arbitration. However, given that Plaintiff's NYLL spread of hours claim is frivolous and utterly fails as a matter of law, the Court should instead dismiss the Complaint with prejudice rather than compel arbitration. To hold otherwise would subject MYC to additional excessive and unnecessary costs, as well as further wasting judicial resources, and would reward Plaintiff for filing a patently meritless claim in this Court.[8]

### IV. CONCLUSION

For the foregoing reasons, MYC respectfully requests that: (1) the Court dismiss the Complaint in its entirety and with prejudice or, in the alternative, compel arbitration; and (2) award to MYC such other and further relief as the Court deems appropriate, including its fees and expenses.

Dated: New York, New York
       January 30, 2015

                                        Respectfully submitted,

                                        OGLETREE, DEAKINS, NASH,
                                        SMOAK & STEWART, P.C.

                                        By s/ Aaron Warshaw
                                        Aaron Warshaw
                                        1745 Broadway, 22nd Floor
                                        New York, New York 10019
                                        (212) 492-2500

                                        *Attorney for Defendant*

---

[8] Should Plaintiff pursue any frivolous or vexatious claim in this action, MYC reserves its right to seek sanctions pursuant to Federal Rule of Civil Procedure 11 and/or 28 U.S.C. § 1927.